**STATE ex BELL v EDMONDSON**

Ohio Appeals, 2nd Dist, Franklin Co

No 2129. Decided Dec 21, 1932

**BY THE COURT**

At the outset, we find that plaintiff is not chargeable with laches in failing to institute her action in mandamus sooner because of a misconception of her rights, which was not unusual in view of the fact of this case; that when she learned of the proper procedure to test her right of restoration of the position which had been abolished, she began this action within a reasonable time thereafter.

This case on its merits presents a simple

question growing out of involved and detailed facts. Counsel no doubt and the court have had considerable difficulty in securing the information necessary to a proper appreciation and determination of the cause.

It is the claim of plaintiff that when she was notified of the abolishment of her position there was an appropriation for fifteen Claims Examiners; that she was included among the first fourteen of the regular Claims Examiners, Class IV; that two individuals, Miss Laura Wardlow and Kenniston W. Case, classified as Claims Examiners, were certified upon the payroll to the Auditor of State as temporary appointees; that this was their status at the time plaintiff was released from her employment; that as they were but temporary employees and plaintiff was a regular classified employe, the Director of Industrial Relations exceeded his authority, in abolishing the position which she held, and that the action so taken manifested a wilful purpose to discharge plaintiff without any sufficient reason; that the abolishment of her position was in bad faith.

There is no evidence whatever in the record tending to establish the claim that plaintiff was punished because of submitting herself as a witness to a certain investigation being conducted by the Legislature of the State of Ohio, or at the suggestion of a Senator, and we have the narrow question presented independent of their allegations.

Supporting the position of plaintiff we find in plaintiff's Exhibit B-1, sheet No. 1, payroll voucher from the Department of Industrial Relations for the half month ending June 15, 1931, certified by W. W. Blake, Director of the Department, that Laura Wardlow and a heading "new" carried under Numbers 79 and 80, were certified as Claims Examiners under the heading "Temporary Employment." Plaintiff's Exhibit B-2 discloses under certification of the Director of the Department of Industrial Relations, that for the half month ending June 15, 1931, Laura Wardlow and Kenniston W. Case were carried as Claims Examiners under the heading "Department Employment." For the same period Annie Bell was carried under the regular pay roll department sheet as shown by Plaintiff's Exhibit B-3. If these certificates by the Director of Industrial Relations are final and can not now be disputed, there can be no doubt that as of the date the position which Annie Bell held was abolished there were two temporary employees, either one

of whom should have been dismissed and his position abolished before the dismissal of plaintiff, and the abolishment of plaintiff's position instead of one of the others would be marked evidence of bad faith on the part of the Director. However, we do not find that this record is conclusive, and there are other sources now available to the court which shed light upon the true status of Laura Wardlow and Kenniston W. Case.

It appears that Kenniston W. Case was first appointed a provisional employee in the Department of Industrial Relations as Clerk, Grade II of date September 1, 1927. December 14, 1927, he took the examination for that position, passed and was certified as a permanent appointee December 31, 1928. Thereafter, he was advanced under the rules of Civil Service and on March 31, 1931, was promoted from Clerk, Grade II, Rate B to Claims Examiner, at a salary of $130.00 per month. He was later advanced from his former classification of date October 5, 1931. Laura Wardlow was appointed under Civil Service to the position of Statistical Clerk in the Department of Industrial Relations of date July 1, 1929, and transferred December 1, 1930, to the position of Claims Examiner. Her position as Claims Examiner was abolished January 15, 1932.

The correspondence between the Director of the Department of Industrial Relations and the State Civil Service Commission is before the court and it appears that applications were regularly made for the transfer of both of these employees and regularly approved. The records of the Civil Service Commission are before us and they are classified as Claims Examiners.

Mr. F. W. Forsythe testified in lieu of Mr. Edmondson, Director, and asserts that both of these employees were carried upon the records of the Industrial Commission as permanent employees.

We have examined the Civil Service laws of Ohio, and find that the only procedure which could be recognized as regular and which would have protected their rights, would have required these employees to have been given permanent appointments. They were both eligible for such appointments. There was no occasion under a lump sum appropriation for naming them as temporary employees, and it would seem that it was an inadvertence that they were so carried on the pay roll sheets. In any event, upon a fair consideration of all of the evidence we are of opinion that it does not preponderate in favor of the claim that

these appointees were temporary, and that the construction that they were permanent appointees is more in line with a reasonable determination of this case than otherwise.

This being true, the claim of plaintiff that her position was arbitrarily abolished in favor of temporary positions is not established by that degree of proof which is necessary in mandamus.

There is another and further moving condition which the court must consider, viz., the fact that at this time there are but thirteen regularly classified Claims Examiners, Grade IV in the service of the Department of Industrial Relations, and it does not appear that there is appropriation for more. If we should order plaintiff restored to her position, there might arise the necessity either of producing more money than has been appropriated to meet the added expense of plaintiff's salary, or the discharge of one of the regularly classified Claims Examiners, Grade IV.

In view of these facts the opinion of the court in the case of **Trumbull County Board of Education v The State ex Van Wye, 122 Oh St, 247,** is pertinent:

"When a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue."

It being incumbent upon plaintiff to establish a clear and unequivocal right to the writ which she seeks and for the reasons heretofore stated we do not find that she had met that requirement by the required quantum of proof. The writ must be denied.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.