## STATE ex BAUGHMAN v DAVIS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2441.   Decided Aug 2, 1934

Taylor & Taylor, for plaintiff.

John W. Bricker, Attorney General, Columbus, Isadore Topper, Toledo, and Herbert Mitchell, St. Clairsville, for defendants.

MONTGOMERY, J, (5th Dist) sitting by designation.

## OPINION

By MONTGOMERY, J.

It will be seen that by this amended answer the respondents rely upon their action of September 27, 1933, and disregard their subsequent proceedings. The record before us is silent as to what if any, official action

was taken by the Tax Commission, as such, but there is in evidence a letter of that date addressed to the relator and signed by the respondent Davis, as chairman of the Tax Commission, in which he states that it is necessary to reduce the force because of lack of appropriation of funds, and orders the relator to transfer all records in his possession to another inspector. Coupled with this order is the request that the relator take a leave of absence for six months. The effect of this communication is a laying off of the relator on the ground of lack of funds and, while the record is silent, as stated, as to any action of the Commission, as such, it is evident from the defense made by the Commission that such was, in fact, the Commission's action, evidenced by the letter of its chairman.

It is contended vigorously by counsel for relator that the Tax Commission acted in bad faith throughout. We see no evidence justifying this claim. The acts of the Commission and, particularly of Mr. Davis, after September 27, 1933, might tend to suggest to counsel such bad faith, but pretending no ability to read the minds of the members of the Commission, it seems ·to us probable that the actions of the Commission, subsequent to September 27, 1933 were simply ill-conceived attempts to bolster the action taken on that date. The Tax Commission seems to have been careless in the matter of its records, and in the matter of protecting itself in the action which it took.

However, eliminating the subsequent superfluous actions, and disregarding suggestions made to the relator as to what he might do in the way of asking for leave of absence, or in getting transferred to another department, the fact remains that the Commission did attempt to lay him off for lack of funds as set forth in the amended answer of the respondents. The questions, therefore, for determination, as we see them, are, first, did such a condition exist? And, second, is the relator entitled to the extraordinary writ which he seeks?

The record shows that, prior to October 1, 1933, there were employed in the State of Ohio forty cigarette inspectors; from that date until December 31, 1933, thirty-four inspectors, and from January 1, 1934, until July 1, 1934, thirty-three inspectors; that, on or about October 1, 1933, five were laid off, including Baughman, the other four raising no objection thereto; that, subsequently, another inspector was asked to resign for cause. The record is silent as to the cause for their being one less inspector

since January 1st, than during the ·three months prior thereto.

The record clearly shows that the Legislature in its appropriations for the years 1933, and 1934, did not appropriate an amount sufficient for personal services to permit ₜthe carrying of forty cigarette inspectors. The Tax Commission made a transfer to the personal service fund from the maintenance fund to help out, but, even so, the amount available would not be adequate. The record, therefore, seems clear that it was necessary for the Tax Commission to make some reduction in personnel, as was done, and there is nothing in the record to show that this Commission acted arbitrarily, or in disregard of the rights of the plaintiff. True, in laying off these five men, it removed from the payrolls three Republicans and two Democrats, which is a fair enough division, and shows no political discrimination, and it selected the districts of the State in which reductions might best be had. In reducing the expenditures, in view of this situation, the Tax Commission is to be commended, rather than condemned, and this in spite of its careless methods in taking official action and in offering unnecessary and questionable reasons therefor.

The condition of this personal service fund is worse now than on September 27, 1933, although the fund was inadequate at that time.

The Supreme Court of Ohio, in the case of **Trumbull County Board of Education v The State ex Van Wye, 122 Oh St 247**, in the third branch of the syllabus, says:

"When a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue."

The attention of the writer of this opinion is directed also to an unreported case decided in this court by the resident members of this court, No. 2189, **State ex Bell v Edmondson, (12 Abs 721; 14 Abs 294)**, in which the Franklin County Court said:

"The fact that at this time there are but thirteen ·regularly classified Claims Examiners, Grade IV, in the service of the Department of Industrial Relations and it does not appear that there is appropria-

338

tion for more. If we should order plaintiff restored to her position, there might arise the necessity either of producing more money than has been appropriated to meet the added expense of plaintiff's salary, or the discharge of one of the regularly classified Claims Examiners, Grade IV."

That is the situation in the instant case, and there is no need of restating the proposition.

In view of the facts in this case, as herein set forth, it follows that this court should not order the reinstatement of the relator.

Taking this view of the case, it is unnecessary, so far as its determination is concerned, to pass upon the validity of the order of the State Civil Service Commission, and we see no necessity of passing upon that question by way of precedent, because it is hardly conceivable that the State Tax Commission will permit another case to reach the Civil Service Commission under facts similar to those in the instant case.

Did we hold differently in the matter of ordering relator restored to his position, he, nevertheless, could not in this action obtain an order directing the payment to him of salary or damages under the recent announcement of the Supreme Court in the case of **Williams v The State ex Gribben, 127 Oh St, 398,** reported in the Ohio Bar, February 12, 1934.

It follows that the writ prayed for will be refused, and the amended petition dismissed at the costs of the relator.

Motion for new trial, if filed, will be overruled.

Exceptions may be noted.

HORNBECK, PJ, and BARNES, J, concur.